UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTRESE LASHUN ALLEN,<br><br>*Petitioner*,<br><br>v.<br><br>ANTRESE LASHUN ALLEN, *et al.*,<br><br>*Respondents*. | Civil Action No. 25-848 (SLS)<br><br>Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

This matter is before the Court on Antrese Lashun Allen's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241(c), Motion to Proceed as Foreign Proceeding, and Motion for Foreign Recognition. For the reasons explained below, the Court denies the Habeas Petition and dismisses the case. The Court also denies the remaining motions as moot.

Ms. Allen, proceeding pro se, filed a Petition for a Writ of Habeas Corpus on March 17, 2025, naming Antrese Lashun Allen as the Defendant. *See* Pet. Habeas Corpus, ECF No. 1. In three pages, Ms. Allen describes the case as "Habeas corpus from bankruptcy courts" and a "Foreign and Cross-Bankruptcy Court Action." *Id.* at 1–2. She identifies herself as a "Body State of One," and the Defendant, who shares the same name, as "the American Principal Creditor." *Id.* at 1. She mentions "deceptive payment instruments" and asks the Court for the "complete liquidation" of the "Principal Debtor." *Id.* at 2. Ms. Allen also filed a Motion to Proceed as Foreign Proceeding, *see* Mot. Proceed as Foreign Proceeding, ECF No. 2, and a Motion for Foreign Recognition, *see* Mot. Foreign Recognition, ECF No. 3.

The federal habeas statute, 28 U.S.C. § 2241(c), "confers jurisdiction on [d]istrict [c]ourts if a petitioner is 'in custody under or by the color of the authority of the United States.'" *Al Hajji*

*v. Obama*, No. 05-cv-429, 2009 WL 4251108, at *1 (D.D.C. Nov. 23, 2009) (internal citations omitted). In other words, the "essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Jackson v. United States*, No. 15-cv-976, 2015 WL 3917397, at *1 (D.D.C. June 18, 2015) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). To satisfy the statute's "in custody" requirement, "a petitioner must have been in custody at the time the habeas petition was filed." *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (internal citations omitted). The individual "need not be incarcerated so long as there were significant restrictions placed on [his] liberty." *Dingler v. Thompson*, No. 12-cv-994, 2012 WL 2899844, at *1 (D.D.C. July 16, 2012) (cleaned up) (internal citations omitted). But a "petitioner who is not in custody is not entitled to habeas relief." *Id.* Ms. Allen's filings make no mention of her being in custody.

Even if the Court "construes the petition as a complaint as opposed to a habeas petition based on the apparent lack of any custody," *Grigsby v. Thomas*, 506 F. Supp. 2d 26, 27 (D.D.C. 2007), the complaint still fails because it does not meet the requirements of Federal Rule of Civil Procedure 8(a). *See Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (noting that courts have "unhesitatingly" dismissed pro se actions where the complaint was "confusing, ambiguous, redundant, vague, and, in some respects, unintelligible"). Under Rule 8(a), a plaintiff must provide a short and plain statement of (1) the grounds upon which the court's jurisdiction depends and (2) the reasons that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a); *see also Grigsby*, 506 F. Supp. 2d at 27–28. Ms. Allen's filings have provided neither.[1]

---

[1] Ms. Allen's Habeas Petition also violates Federal Rule of Civil Procedure 10(a) by listing the "United States Bankruptcy Court for the District of Columbia" in the caption rather than this Court. *See* Fed. R. Civ. Pro. 10(a) ("Every pleading must have a caption with the court's name[.]"). If Ms. Allen intends to initiate Chapter 7 bankruptcy proceedings, she may do so in the appropriate bankruptcy court, not the district court.

For these reasons, the Court denies Ms. Allen's Habeas Petition, ECF No. 1, and dismisses the case. The Court also denies the Motion to Proceed as Foreign Proceeding, ECF No. 2, and the Motion for Foreign Recognition, ECF No. 3, as moot.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   April 1, 2025